JULIUS HAWLEY vs. JOHN B. ATHERTON AND OTHERS.

M made a contract with W out of which grew an indebtedness in M's favor. W in fact acted on behalf of himself and four associates, but this was not known to M. A creditor of M factorized W as debtor of M. Held that the attachment was not invalidated by the non-joinder of the four associates.

The statute (Gen. Statutes, tit. 1, sec. 191,) provides that in all actions against two or more defendants, if the plaintiff shall fail to make out a case against a part he may yet recover against the others. Held that the same rule should be applied to a factorizing process, and that the attachment would not be invalidated by a misjoinder of any person as a joint garnishee.

The taking by a garnishee, upon making payment on the execution in the factorizing suit, of a bond of indemnity from the creditor, does not in any manner affect the character of the payment in respect to other parties.

SCIRE FACIAS upon a process of foreign attachment; brought to the Court of Common Pleas of Fairfield County, and tried on an issue closed to the court, before *Brewster, J.* The defendants were John B. Atherton, Henry A. Wheeler, Wyatt C. Marsh, E. B. Ely and Seymour W. Ely. The court found the following facts:

On March, 4th, 1871, Hawley, the present plaintiff, brought an action of debt on judgment against one Benjamin B. Middlebrook, and recovered judgment against him for $402\frac{26}{100}$ damages, and $23\frac{4}{100}$ costs of suit. In that action all the defendants in the present suit were factorized, and upon those proceedings and the judgment recovered thereon this action is founded.

It was proved that sometime in July, 1869, the firm of E. B. Ely & Co., of New York, comprising E. B. Ely and Seymour W. Ely, with the firm of Atherton, Wheeler & Marsh, of Bridgeport, consisting of J. B. Atherton, H. A. Wheeler, and W. C. Marsh, these five persons being all the present defendants, entered into a joint real estate speculation, the net profits of which were to be equally divided between the two firms. The title to the land involved in the speculation was conveyed to S. W. Ely and H. A. Wheeler, as agents of their respective firms, and all transfers and conveyances thereof were made by them.

By agreement at the outset E. B. Ely & Co. provided the funds and Atherton, Wheeler & Marsh conducted the business in detail. Henry A. Wheeler was the treasurer of the speculation, and received and paid out all moneys connected therewith. In the fall of 1869 Wheeler, on behalf of all the five defendants, made a contract for work and the erection of a large double dwelling house upon the land, with the defendant in the original suit. Neither at this time, nor at any subsequent time, was Middlebrook informed that E. B. Ely & Co. were interested in the speculation, or in the contract with himself. Middlebrook ceased work about August 1st, 1870, when there was due him under the contract $2,030.

On August 31st, 1870, R. Eldridge & Son brought suit against Middlebrook, in which Seymour W. Ely, Henry A. Wheeler, John B. Atherton, Wyatt C. Marsh, and J. H. & J. N. Benham, were factorized in the form following : " And you are also hereby directed to leave a true and attested copy of this writ at least twelve days before the session of the court to which the same is returnable, with Seymour W. Ely, Henry A. Wheeler, John B. Atherton, and Wyatt C. Marsh, all of

said Bridgeport: also with J. H. & J. N. Benham, of said Bridgeport; or at their several usual places of abode; as they are jointly and severally, individually and as co-partners, the attorneys, agents, factors, trustees and debtors of said defendant, and have the goods and effects of said defendant concealed in their hands, so that they cannot be found or come at to be attached, and are indebted to the said defendant; and also to leave a like copy with, or at the last usual place of abode of, said defendant in this state." And upon the judgment obtained in that suit, execution was issued, and demand made upon H. A. Wheeler, January 13th, 1871, for $150 $\frac{2.9}{100}$, which he paid September 1st, 1871. Another suit was brought by the same parties against Middlebrook, judgment obtained, execution issued, and demand made upon Wheeler, which he satisfied. Also other suits, by other parties subsequently, but prior to the suit brought by the present plaintiff against Middlebrook, were brought, and similar proceedings had thereon. In each of these suits garnishment was made upon Seymour W. Ely, Henry A. Wheeler, John B. Atherton, Wyatt C. Marsh, and J. H. & J. N. Benham, in the form above set forth, but not upon E. B. Ely in any of the suits.

At the time of the bringing of the suit of the present plaintiff against Middlebrook, in which E. B. Ely was factorized, there remained in the hands of Wheeler, of the moneys belonging to Middlebrook, $121.85, which was paid over in part satisfaction of the execution issued upon the judgment in the suit. J. H. & J. N. Benham were in no wise connected at any time with the speculation or indebted to Middlebrook.

At the time of all the factorizing attachments, including that of the present plaintiff, the transactions of the defendants in real estate had not been closed up, nor had the accounts of the defendants, growing out of the same, been adjusted and settled between themselves.

Upon these facts the plaintiff claimed that the sundry payments made on the executions in favor of the other attaching creditors were invalid against him and his process, and could not be deducted as against him from the partnership liability to Middlebrook at the date of his suit, and that the partner-

ship indebtedness to Middlebrook to an amount equal to his, the plaintiff's, claim against Middlebrook, still remained at the time of his attachment in the hands of the five defendants, and that he was, therefore, entitled to recover in this action against them ; it being conceded that so much and more remained unpaid in the hands of the defendants, if they were not discharged by the sundry payments to the other attaching creditors.

The defendants claimed adversely to these claims of the plaintiff, and the court overruled the claims of the plaintiff, and sustained the claims of the defendants.

The plaintiff offered to prove that the defendants had taken a bond of indemnity in one of the prior cases against Middlebrook, when payment was made upon the execution, which evidence was admitted by the court and the fact so found. And the plaintiff claimed as matter of law, that the fact that the bond was so given under the circumstances prevented the defendants from being discharged by that payment, as against the present plaintiff.. But the court decided against this claim of the plaintiff.

The court having rendered judgment for the defendants, the plaintiff moved for a new trial for error in the decisions of the court upon the points of law stated.

*Sanford*, in support of the motion.

1. The fact on which the case must turn is that E. B. Ely, one of the five partners, was not named or copied in any of the garnishments except that of the plaintiff. The partnership was a peculiar one, but it clearly falls within the rule in *Parker* v. *Canfield*, 37 Conn., 265, so that the inquiry must be whether a garnishment which fails to embrace all the members of the firm can be valid. Upon principle it would seem that all must be sued or that none can be held. The proceeding is statutory, and every step therefore requires strict compliance. The debt is sequestered in no other way than by naming and copying all the debtors in the precise manner prescribed by the act. In Rev. Statutes, page 67, sec. 292, a

method of commencing service without inserting the names of all the partners is pointed out, but it is confined to a case where the partnership is named by its style and title, which was not done here because this concern had neither. It provides also for an amendment without cost by inserting the names of several persons composing the partnership. The inference is plain that without such amendment the garnishment would be void. Certainly the writ would be abatable and imperfect. *Stuart* v. *Corning*, 32 Conn., 105. Again, the difference between debtors as several, joint, or in a fiduciary or representative capacity, is carefully preserved by the statute, in sections 289, 292, 299, 300, 309 and 310. The care with which the statute is construed is shown by the case of *Mitchell* v. *Shelton*, 35 Conn., 1.

2. The proceedings being *in invitum*, hostile to the principal debtor and to all other creditors, the requirements of the statute are to be strictly complied with. The garnishees can waive nothing. They are stakeholders merely. The principal debtor, and all creditors seeking to attach the funds, have a right to insist that these depositaries shall interpose no shield, except strict law, in making payments on execution. Any other rule would open the widest door to collusion and fraud. The debt due to the original defendant Middlebrook, was joint and not several. The partnership affairs and accounts had not been adjusted down to the service of the process in this suit. There was therefore no several liability from any of the four defendants alone copied in the other suits, nor any joint liability from them to Middlebrook. It was only as co-partners with E. B. Ely that they were indebted to him. This joint indebtedness had been untouched until the plaintiff sued. If the other suits should be upheld the whole partnership fund might be withdrawn and exhausted without the knowledge of a non-resident partner. Until final settlement it could not be known whether any partnership funds remained, nor how they were divisible, nor what defence or support the absent and uncopied partner might lend to the suit upon one side or the other. And it would appear within all the decisions, and especially *Easterly* v. *Goodwin*, 35 Conn.,

273, and the cases of that class, that he might litigate the whole matter anew if so disposed.

3.   In cases where a partnership has been held by garnishment in which all the members were not copied, it will be found without exception that all are named as parties in the process.   Drake on Attachment, §§ 561, 562; *Steward* v. *Brewster*, 1 Root, 550; *McBride* v. *Protection Ins. Co.*, 22 Conn., 248; *Harvey* v. *Mix*, 24 id., 426; *Jewett* v. *Bacon*, 6 Mass., 62; *Fisk* v. *Herrick*, id., 271; *Hathaway* v. *Russell*, 16 id., 473; *Hawes* v. *Waltham*, 18 Pick., 451; *Pettes* v. *Spaulding*, 21 Verm., 66; *Peck* v. *Barnum*, 24 id., 79, 82; *Rix* v. *Elliott*, 1 N. Hamp., 184; *Hudson* v. *Hunt*, 5 id., 538; *Atkins* v. *Prescott*, 10 id., 120.

4.   The bond, in providing for the return of the money paid if lawfully demanded by the other creditors, rendered the payment on the execution only conditional, which therefore could not exonerate the defendants.

*Bullock*, contra, cited Drake on Attachment, § 560; *Flagg* v. *Platt*, 32 Conn., 218; *Rix* v. *Elliott*, 1 N. Hamp., 184; *Hudson* v. *Hunt*, 5 id., 538; *Atkins* v. *Prescott*, 10 id., 120; *Pettes* v. *Spaulding*, 21 Verm., 66; *Peck* v. *Barnum*, 24 Verm., 75; *Parker* v. *Danforth*, 16 Mass., 299.

SEYMOUR, J.   The plaintiff sued Benjamin B. Middlebrook, factorizing the defendants individually and as co-partners. He recovered judgment against Middlebrook, took out execution, and made due demand on the defendants.   They refused to pay, and defend their refusal solely on the ground that they had made payment to prior factorizing creditors upon due demand on execution in favor of such creditors.

The only question before us relates to the validity of the prior processes on which payment was thus made.   In all these processes E. B. Ely is not named or served with process. The other defendants herein are named and duly cited, and J. H. & J. N. Benham are also named and cited, as being with Henry A. Wheeler and others, jointly and severally, individually and as co-partners, the debtors of Middlebrook.

The plaintiff's claim is that Middlebrook's debt was against a co-partnership consisting of the five persons who are made defendants in this *scire facias*, and that the prior proceedings were invalid and inoperative to hold the debt because of the non-joinder in those proceedings of E. B. Ely and of the misjoinder of the Benhams therein.

Judgment having been rendered by the Court of Common Pleas in favor of the defendants, the plaintiff is here seeking a new trial.

In regard to the supposed misjoinder the case seems very clear. By our statute in actions at law against several as joint debtors the plaintiff may recover against such as are found to be indebted, and the misjoinder of others in the suit is not now fatal as at common law it was. If therefore Middlebrook himself had sued all the persons as joint debtors who are in the prior processes described as sued, the including of the Benhams as co-defendants would be no defence; and the like rule must prevail in relation to parties factorized.

But the plaintiff argues that in an action by Middlebrook to recover his debt the non-joinder of Ely would have been a defence, and therefore must also be available against the validity of the factorizing process in which his name is omitted.

Under this head of argument several points of considerable practical importance were discussed, but the decision of the court below can be vindicated upon the special facts stated in the motion without touching any controverted matter; and we shall decide the case upon those special facts.

The record states that the defendant Wheeler alone made the contract with Middlebrook out of which the indebtedness to him arose, and although he made it in fact in behalf of himself and his four companions in the joint speculation, yet neither at the time of the contract nor at any subsequent time was Middlebrook informed that E. B. Ely & Co. were interested in the speculation or in the contract with him. Upon these facts Wheeler might be treated by Middlebrook as his sole debtor, and by consequence might also be factorized as sole debtor and made liable as such. He evidently so

regarded the matter. He paid the debts in the order in which service was made on him as garnishee. The finding is that Middlebrook was not informed that E. B. Ely & Co. were interested in the speculation, and it may be suggested that this leaves it open to the inference that he may have known that the firm of Atherton, Wheeler & Co. of Bridgeport had an interest in the contract and debt. We hardly think the record admits of such construction, but be it so, all the members of that firm are garnishees in the prior attachments which Mr. Wheeler paid. It therefore is of no significance whether the debt due to Middlebrook was due from Wheeler alone, or from him and the other members of the firm of Atherton, Wheeler & Co. Upon the facts stated in the motion, if Middlebrook had sued Wheeler alone, or sued him jointly with Atherton and Marsh, to recover the amount due upon the contract, the non-joinder of E. B. Ely could not have been pleaded in abatement. And his non-joinder as garnishee in the prior attachments would not be a defence in a *scire facias* founded on those attachments, whether the *scire facias* were against Wheeler alone or against Atherton, Wheeler & Co.

The fact that Mr. Wheeler took a bond of indemnity upon payment of the executions is clearly of no moment.

A new trial is not advised.

In this opinion the other judges concurred; except BUTLER, C. J., who did not sit.